IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WILLIAM H. MORRIS**                                                                                     **PLAINTIFF**

**V.**                                                  **4:09CV00756 JMM**

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY**                                                                                 **DEFENDANT**

## ORDER DENYING MOTION FOR REMAND

Pending is the Plaintiff's Motion for Remand to state court. (Docket # 6). Defendant has responded to the motion. For the reasons set forth below, the Motion to Remand is DENIED.

I.    Facts

Plaintiff commenced this action in the Circuit Court of Pulaski County, Arkansas on August 18, 2009. Hartford Life and Accident Insurance Company ("Hartford") and Shelter Mutual Insurance Company & Affiliates LTD Benefits Plan (the "Plan") were named as Defendants in the lawsuit. Plaintiff filed his First Amended Complaint on August 20, 2009, naming only Hartford as a Defendant. Hartford removed the case from Pulaski County Circuit Court on September 21, 2009 based on diversity jurisdiction. Plaintiff does not dispute that complete diversity exists between the parties, but argues that the amount in controversy does not exceed $75,000.00.

Hartford issued to Shelter Mutual Insurance Company ("Shelter") a group long-term disability ("LTD") insurance policy, Policy No. 83024970 (the "Policy") . The Policy offered LTD benefits to Shelter's commissioned agents.

On May 4, 2007, Mr. Morris applied for Policy benefits. Mr. Morris identified the date of his disability as April 30, 2007. Hartford concluded that Mr. Morris did not satisfy the Policy's

definition of "disability" and denied the claim.

If a participant is disabled under the Policy's definition of "disability", the Policy provides for monthly benefits in the amount of 50% of the person's average monthly earnings, less certain other sources of income, including monies received from the Social Security Administration ("SSA"). Shelter advised Hartford that Mr. Morris's average monthly earnings for the relevant time period totaled $4,143.00. Thus, had Mr. Morris qualified, his monthly benefit, before a deduction for other sources of income, would have amounted to $2,071.50. After Hartford removed the case to this Court, Mr. Morris provided Hartford with documentation that he receives SSA benefits in an amount that his "monthly LTD benefit should have been approximately $435 per month." Had Mr. Morris been eligible for Policy benefits, he would have received benefits for a maximum of 42 months. In Plaintiff's motion to remand, Plaintiff claims that Hartford owes him $12,615.00 (29 months at $435 per month).

After Hartford denied Mr. Morris's claim for benefits, Mr. Morris filed this lawsuit. Mr. Morris contends that his claims are governed by Arkansas law and purports to state claims for breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duties and negligent and intentional infliction of emotional distress. Mr. Morris does not quantify his claimed damages in his Amended Complaint. In his prayer for relief, he claims that he is entitled to "past benefits," an injunction prohibiting Hartford from "denying future benefits," a 12% statutory penalty, attorneys' fees, punitive damages, costs, expenses, and "money damages against Hartford for its misconduct."

II. Discussion of the Law

Any civil action brought in state court which alleges claims within the original jurisdiction of the United States District Courts may be removed by the defendant to the

appropriate federal court. 28 U.S.C. §1441(a). The Court's original jurisdiction, of course, includes diversity jurisdiction. Plaintiff does not dispute that complete diversity exists between the parties, but argues that the amount in controversy does not exceed $75,000.00.

Once a case has been removed to federal court, a motion to remand to state court may be brought on the basis of any defect in the removal procedure. 28 U.S.C. § 1447(c). If it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. In making this determination, the Court must resolve all doubts in favor of a remand to state court. *See In re Business Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir. 1993).

### A. Amount in Controversy

"[W]here . . . the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount exceeds $75,000." *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 834 (8th Cir. 2003).

Defendant contends that the damages sought by the Plaintiff are in excess of $75,000. According to Plaintiff's Motion to Remand he seeks $12,615.00 for past benefits, and based upon his Amended Complaint, Plaintiff seeks, a 12% statutory penalty, statutory attorneys' fees and punitive damages. "In determining the amount in controversy, the Court may consider the 12% penalty and attorney's fees that may be awarded pursuant to Ark.Code Ann. § 23-79-208." *McJunkin v. General Cable Industries, Inc.*, 2008 WL 5246380 (W.D. Ark. 2008), *citing, Toller v. Sagamore Ins. Co.*, 514 F.Supp.2d 1111, 1115 (E.D.Ark.2007). In addition, "[p]unitive damages are included in determining the amount in controversy." *Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992). Defendant has cited the Court to several Arkansas insurance breach of contract and bad faith cases where the plaintiffs were seeking the same types

of damages as the Plaintiff in the instant case. The damages awarded in these cases were in excess of $75,000. *See, Cincinnati Life Ins. Co. v. Mickles*, 85 Ark. App. 188, 148 S.W.3d 768 (2004) (affirming jury verdict of $60,000 in compensatory damages and 1,000,000 in punitive damages on $28,942 insurance claim); *Southern Farm Bureau Cas. Ins. Co. v. Allen*, 326 Ark. 1023, 934 S.W.2d 527 (1996) (affirming jury verdict of $75,000 in punitive damages on $10,000 insurance claim); *Employers Equitable Life Ins. Co. v. Williams*, 282 Ark. 29, 665 S.W.2d 873 (1984) (affirming jury verdict of $25,000 in compensatory damages and $75,000 in punitive damages).

Plaintiff responds that Hartford has failed to establish that the amount in controversy exceeds $75,000 "to a legal certainty." "However, the Defendants need not prove the Plaintiffs' case to satisfy their burden of proving the amount in controversy by a preponderance of the evidence." *Haynes v. Louisville Ladder Group, LLC*, 341 F.Supp.2d 1064, 1069(E.D. Ark. 2004). The Court finds that the calculation of the specific damages requested together with attorneys' fees, the penalty and punitive damages show that it is "more likely than not" that Plaintiff has placed more than $75,000 in controversy. Therefore, the Court finds that the Defendant has met its burden to prove, by a preponderance of the evidence, that the amount in controversy in this case is greater than $75,000.

III. Conclusion

Plaintiff's Motion to Remand (Docket # 6) is DENIED.

IT IS SO ORDERED this 9th day of November, 2009.

_____
James M. Moody
United State District Judge